Electronically Submitted
9/9/2019 10:49 AM
Gregg County District Clerk
By: Yazmin Powell ,deputy

CAUSE NO. **2019-1654-A**

| | | |
|---|---|---|
| **FAMILY AUTO SALES and FRIENDLY AUTO PLEX** | § § § | IN THE————— COURT OF |
| **Plaintiffs,** | § § | |
| **v.** | § § | **GREGG COUNTY, TEXAS** |
| **MIDWAY INSURANCE MANAGEMENT INTERNATIONAL, INC.** | § § § | |
| **Defendant.** | § § | **188TH** JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW, FAMILY AUTO SALES and FRIENDLY AUTO PLEX, Plaintiffs, and files this Original Petition, complaining of Defendant MIDWAY INSURANCE MANAGEMENT INTERNATIONAL, and for causes of action, would respectfully show the Court as follows:

## I.

### DISCOVERY CONTROL PLAN AND RULE 47 STATEMENT

1.      Family Auto Sales and Friendly Auto Plex intend that discovery be conducted under Level 3 pursuant to rule 190.4 of the Texas Rules of Civil Procedure and asks that the Court issue a discovery control plan that is agreed upon by the parties, and if not, pursuant to the Court's discretion.  Pursuant to rule 47 of the Texas Rules of Civil Procedure, Family Auto Sales and Friendly Auto Plex seek monetary relief in an amount over $100,000.00 but not more than $200,000.00. *See* TEX. R. CIV. P. 47(c)(4).

## II.

### PARTIES

2.      Plaintiff FAMILY AUTO SALES ("Family"), is an assumed name for John McGee, who does business at 1430 W. Marshall Ave., Longview, Gregg County, Texas 75604.

3.      Plaintiff FRIENDLY AUTO PLEX ("Friendly"), is an assumed name for Bennie Norris, who does business at 1430 W. Marshall Ave., Longview, Gregg County, Texas 75604.

4.      Defendant MIDWAY INSURANCE MANAGEMENT INTERNATIONAL, INC. ("Midway") is a Georgia for-profit corporation with its principal place of business located at 3355 Lenox Road, Lenox Center, Suite 630, Atlanta, Georgia 30326.   Midway may be served with process by serving its registered agent, Jeffrey Washburn, at 1092 Norwich Circle, Atlanta, Georgia 30324.

## III.

### VENUE

5.      Venue is proper in Gregg County, Texas because Gregg County is the county in which all or a substantial part of the events or omissions giving rise to Family's and Friendly's claims occurred.   TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1) (Vernon 2019).   Venue is also proper in Gregg County, Texas because this is a suit arising from the denial of property damage benefits, and Gregg County is the county in which the insured property was situated.   TEX. CIV. PRAC. & REM. CODE ANN. § 15.032.   Venue is also proper in Gregg County because the insurance policy at issue was solicited in Gregg County.   TEX. BUS. & COM. CODE ANN. § 17.56.

IV.

FACTS

6.      Family and Friendly are in the business of selling automobiles in Longview, Texas.  Family and Friendly insured the automobiles on their lots through Certain Underwriters at Lloyds in policy number PGAD1060.  The policy at issue covered property damage losses that Family and Friendly may have sustained as a result of various perils, including hail.

7.      On March 20, 2018, a hailstorm occurred in Longview, and Family and Friendly sustained heavy losses to their vehicle inventory.  From March 20 to July 13, 2018, the employees of Family and Friendly supplied Midway's representative at the time, Kim Milbourne ("Milbourne"), with all of the relevant information necessary to pay for the vehicles that were deemed to be a total loss and those that were repairable.  On July 13, Milbourne sent a letter to Family and Friendly informing them that she was enclosing a "Policyholder Release in the amount of $191,226.28, representing the settlement of [Family and Friendly's] claim" for the damage to the vehicles listed in the letter.  A true and correct copy of the July 13, 2018 correspondence from Milbourne to Family and Friendly is attached as Exhibit "A."

8.      The Policyholder Release (the "Release") clearly states as follows:

> In consideration of the sum of One Hundred Ninety One Thousand Two Hundred Twenty-Six and 28/100 Dollars ($191,226.28), to me/us paid, I/we, Family Auto Sales & Friendly Auto Plex (being of lawful age) do hereby release and forever discharge Certain Underwriters at Lloyd's, London and MIMI          agents, administrators, executors, successors and assigns, from any and all action, causes of action, claims and demands whatsoever for, upon, or by reason of any damage whether known or unknown, expenses, costs, loss of use, loss of value and all consequential damage, which heretofore have been or which hereafter may be sustained by me/us in consequence of the hail event which occurred on the 10th day of March, 2018 at or near Longview, TX
>
> It is being further agreed and understood, that the payment of said amount is not to be construed as an admission of liability, but is a compromise of a disputed claim and that this release is executed in full settlement and satisfaction of rights of the undersigned under Policy No. PGAD1060  arising out of said hail event  above referred to.

9.      On July 18, 2018, Bennie Norris ("Norris"), on behalf of both Family and Friendly, executed the Release before a notary public and then returned it to Midway. A true and correct copy of the Release is attached as Exhibit "B." At the time Norris executed the Release, he released all claims against "Certain Underwriters at Lloyd's, London and [Midway]" in exchange for consideration in the amount of $191,226.28 to be paid to Family and Friendly.

10.     Accordingly, Family and Friendly have effectively released all claims concerning Midway as a result of the hailstorm that occurred on March 10, 2018. Instead of providing Family and Friendly with the consideration promised to them in exchange for their release of "Certain Underwriters at Lloyd's" and Midway, Midway sent a letter dated September 5, 2018 "[a]cknowledging receipt of the Release in the amount of $191,226.28," but rejected it "for defect in value" and alleged that "there was an error in the amount of the settlement."

11.     Milbourne was correct in her calculations regarding the damages to the vehicles that Family and Friendly incurred as a result of the hailstorm. She accurately stated the actual cash value for the vehicles that were declared a total loss, and accurately stated the cost of repairing the vehicles that could be repaired. To the extent that Midway maintains that Milbourne made a unilateral mistake, Texas law is clear that a unilateral mistake by a party to an agreement may not constitute grounds for relief when the mistake was not known to or induced by the other party. Family and Friendly maintain that Milbourne did not make a mistake in her calculations of the amounts owed to Family and Friendly.

12.     Instead of making the full $191,226.28 payment to Family and Friendly, Midway made a partial payment of $112,220.86 to Family and Friendly on October 29, 2018. Family and Friendly maintain that $79,005.42 remains due and owing to them for the losses they sustained in the March 20, 2018 hailstorm. Despite demands by Family and Friendly to pay the full amount owed,

Midway has failed and refused to honor its commitment under the Release and pay the full amount owed to them.

## CAUSES OF ACTION

### A.    Breach of Contract

13.    On July 18, 2018, Norris, on behalf of Family and Friendly, executed the Release that "released and forever discharged" Certain Underwriters at Lloyd's, London and Midway

> from any and all action, causes of action, claims and demands whatsoever for, upon, or by reason of any damage whether known or unknown, expenses, costs, loss of use, loss of value and all consequential damage, which heretofore have been or which hereafter may be sustained by me/us in consequence of the hail event which occurred on the 10th day of March, 2018 at or near Longview, TX.

*See* Exhibit "B."

14.    In exchange for Family's and Friendly's release of all claims against Certain Underwriters at Lloyd's, London and Midway, Certain Underwriters at Lloyd's, London and Midway became bound to pay Family and Friendly the sum of $191,226.28.

15.    Midway was acting as Certain Underwriters at Lloyd's, London's agent, and Midway's failure(s) and/or refusal(s) to pay the full amount referenced in the Release constitutes a breach of the Release and said breach has directly resulted in damages to Family and Friendly.

### B.    Breach of the Common Law Duty of Good Faith and Fair Dealing

16.    Midway breached its duty of good faith and fair dealing in relation to Family's and Friendly's claims by failing and/or refusing to pay as called for under the terms of the Release, despite ample evidence that Family and Friendly were entitled to the benefits under their insurance policy and having been given every reasonable opportunity to settle.  In addition, Midway has failed to in good faith attempt to effectuate a proper settlement after its Certain Underwriters at Lloyd's, London's liability under the policy had become reasonably clear.  Thus, Midway

Case 6:19-cv-00494-JCB   Document 9   Filed 10/24/19   Page 6 of 13 PageID #:  54

breached its duty when it denied or delayed payment when its liability was reasonably clear. Said breach was a proximate cause of damages to Family and Friendly.

**C.     Violations of Chapter 541 of the Texas Insurance Code**

17.     Midway's conduct, acts and omissions as hereinbefore described constitute violations of this Chapter, which was the producing cause of damages to Family and Friendly, to wit:

a.     Making, issuing, or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:  (a) the terms of the Release; or, (b) the benefits or advantages promised by the Release in violation of section 541.051(1) of the Texas Insurance Code;

b.     Misrepresenting to a claimant a material fact or Release provision relating to coverage at issue in violation of section 541.060(a)(1) of the Texas Insurance Code;

c.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in violation of section 541.060(a)(2) of the Texas Insurance Code;

d.     Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder, in violation of section 541.060(a)(4)(A) of the Texas Insurance Code;

e.     Misrepresenting an insurance policy and the Release by making an untrue statement of material fact, in violation of section 541.061(1) of the Texas Insurance Code;

f.     Misrepresenting an insurance policy and the Release by failing to state a material fact necessary to make other statements made not misleading, in violation of section 541.061(2) of the Texas Insurance Code;

PLAINTIFFS' ORIGINAL PETITION                                                          PAGE 6 OF 13

g.      Misrepresenting an insurance policy and the Release by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, in violation of section 541.061(3) of the Texas Insurance Code;

h.      Representing that the Release had characteristics, ingredients, uses, or benefits which it did not have, in violation of section 17.46(b)(5) of the Texas Business and Commerce Code (tied in by virtue of section 541.151(2) of the Texas Insurance Code);

i.      Representing that the Release was of a particular standard, quality, or grade, when it was another, in violation of section 17.46(b)(7) of the Texas Business and Commerce Code (tied in by virtue of §541.151(2) of the Texas Insurance Code); and

j.      Representing that the Release conferred or involved rights, remedies, or obligations which it did not have or involve, in violation of section 17.46(b)(12) of the Texas Business and Commerce Code (tied in by virtue of section 541.151(2) of the Texas Insurance Code).

**D.      Violations of Chapter 542 of the Texas Insurance Code**

18.     Midway violated Chapter 542 of the Texas Insurance Code by failing to timely acknowledge, investigate, accept and pay the claim, described with more particularity above. Said breach was a direct and/or producing cause of damages to Nancy.

**E.      Violations of the Texas Deceptive Trade Practices – Consumer Protection Act.**

19.     Midway's conduct, acts and omissions as hereinbefore described constitute a violation of the section 17.46 of the Texas Business and Commerce Code (the "Texas DTPA"), which was the producing cause of damages to Family and Friendly.  Specifically, Family and Friendly allege that Midway's conduct was violative of §17.46 of the Texas DTPA as follows:

a.      Making, issuing, or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be

issued: (a) the terms of the Release; or, (b) the benefits or advantages promised by the Release; in violation of section 541.051(1) of the Texas Insurance Code (tied in by virtue of section 17.50(a)(4) of the Texas Business and Commerce Code);

b.      Misrepresenting to a claimant a material fact concerning the Release relating to coverage at issue, in violation of section 541.060(a)(1) of the Texas Insurance Code (tied in by virtue of §17.50(a)(4) of the Texas Business and Commerce Code);

c.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, in violation of 541.060(a)(2) of the Texas Insurance Code (tied in by virtue of §17.50(a)(4) of the Texas Business and Commerce Code);

d.      Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder, in violation of section 541.060(a)(4)(A) of the Texas Insurance Code (tied in by virtue of section 17.50(a)(4) of the Texas Business and Commerce Code);

e.      Misrepresenting the Release by making an untrue statement of material fact, in violation of section 541.061(1) of the Texas Insurance Code (tied in by virtue of section 17.50(a)(4) of the Texas Business and Commerce Code);

f.      Misrepresenting the Release by failing to state a material fact necessary to make other statements made not misleading, in violation of section 541.061(2) of the Texas Insurance Code ( tied in by virtue of section 17.50(a)(4) of the Texas Business and Commerce Code);

g.      Misrepresenting the Release by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, in violation of section 541.061(3) of the Texas Insurance Code (tied in by virtue of §17.50(a)(4) of the Texas Business and Commerce Code);

h.      Representing that the Release had characteristics, ingredients, uses, or benefits which it did not have, in violation of section 17.46(b)(5) of the Texas Business and Commerce Code);

i.      Representing that the Release was of a particular standard, quality, or grade, when it was another, in violation of section 17.46(b)(7) of the Texas Business and Commerce Code);

j.      Representing that the Release conferred or involved rights, remedies, or obligations which it did not have or involve, in violation of section 17.46(b)(12) of the Texas Business and Commerce Code); and

k.      Failing to disclose information concerning the Release which was known at the time of the transaction where such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed, in violation of section 17.46(b)(24) of the Texas Business and Commerce Code).

20.     Pleading further, Family and Friendly allege that, in addition to the aforementioned list of violations, the actions of Midway, by and through its owners, directors, agents, servants, and/or employees constituted an "unconscionable action or course of action."

21.     Further, the conduct of Midway as described in this petition was committed knowingly. Midway was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which Nancy complains.

**V.**

**D**AMAGES

22.     Family and Friendly allege that as a direct and/or producing and/or proximate result of the conduct, failures, refusals, breaches, affirmative acts, negligent acts, and/or omissions of Midway, they are entitled to recover at least the following damages:

     a.     Economic damages, including the $79,005.42 in proceeds payable to Family and Friendly under the terms of the Release;

     b.     All other actual damages;

     c.     Statutory treble damages;

     d.     Statutory 18% a year interest as damages;

     e.     Reasonable and necessary attorneys' fees;

     f.     Costs of court;

     g.     Pre-judgment and Post-judgment interest at the highest legal rate; and,

     h.     All other relief to which Family and Friendly show themselves to be entitled.

23.     Said damages are of an amount within the Court's jurisdictional limits.

**A.     Costs**

24.     It was necessary for Family and Friendly to expend monies as the costs of court requisite to prosecute this cause of action.  Therefore, an award of these costs to Family and Friendly are authorized by:

     a.     Rule 131 of the Texas Rules of Civil Procedure;

     b.     §541.152(a)(1) of the Texas Insurance Code;

     c.     §542.060 of the Texas Insurance Code;

     d.     §17.50(d) of the Texas Business and Commerce Code;

     e.     §31.007 of the Texas Civil Practice and Remedies Code; and/or,

     f.     Equity.

**B.     Interest**

25.     Family and Friendly are entitled to pre-judgment interest pursuant to:

    a.    §§302.001 and 302.002 of the Texas Finance Code;

    b.    A contract by and between the parties; and/or,

    c.    Equity.

26.    Family and Friendly are also entitled to post-judgment interest pursuant to:

    a.    §§ 304.002 and 304.003 of the Texas Finance Code;

    b.    A contract by and between the parties; and/or,

    c.    Equity.

**C.    Attorneys' Fees**

27.    It was necessary for Family and Friendly to hire the attorneys whose names appear below for prosecution of these causes of action.   Therefore, an award of reasonable and necessary attorneys' fees is authorized by:

    a.    §541.152 of the Texas Insurance Code;

    b.    §542.060 of the Texas Insurance Code;

    c.    §38.001 of the Texas Civil Practice and Remedies Code;

    d.    §17.50(d) of the Texas Business and Commerce Code;

    e.    By written contract by and between the parties; and/or,

    f.    Equity.

28.    Said attorneys' fees should be taxed against Midway as costs in this case, where allowed by law.  Further, such award is justified to include any appeals to all appellate courts.

## VI.

### CONDITIONS PRECEDENT

29.    Family and Friendly assert that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

Notice has been given to Midway pursuant to the requirements of the Texas Deceptive Practices Act.

## VII.

### JURY DEMAND

30.     Family and Friendly respectfully request that the Court order a trial on the merits by jury. Family and Friendly have deposited the jury fee with the clerk of this court and has, in all respects, complied with rule 216 of the Texas Rules of Civil Procedure.

## VIII.

### REQUESTS FOR DISCLOSURE

31.     Pursuant to rule 194 of the Texas Rules of Civil Procedure, Family and Friendly request that Midway disclose, within fifty (50) days of the service of this request, the information or material described in rule 194.2. *See* Tex. R. Civ. P. 194.2.

## IX.

### PRAYER

32.     WHEREFORE, Plaintiffs FAMILY AUTO SALES and FRIENDLY AUTO PLEX pray that Defendant MIDWAY INSURANCE MANAGEMENT INTERNATIONAL, INC. be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of Family and Friendly, to wit:

1.     Damages, actual, special, and otherwise, in an amount within the Court's jurisdictional limits;

2.     All Costs of Court;

3.     Both pre-judgment and post-judgment interest at the maximum legal rate;

4.   Reasonable attorneys' fees, with conditional sums for the services of Family's and

Friendly's attorneys in the event of subsequent appeals; and,

5.   For such other and further relief, both general and special, at law and in equity, to

which Family and Friendly may be justly entitled.

Respectfully submitted,

BOON CALK ECHOLS
COLEMAN & GOOLSBY, PLLC
1800 W. Loop 281, Suite 303
Longview, Texas 75604
(903) 759-2200 Phone
(903) 759-3306 Fax
E-Mail:  casey.goolsby@boonlaw.com

By: _____
Kenneth C. Goolsby
State Bar No. 24003668

*ATTORNEYS FOR PLAINTIFFS*
*FAMILY AUTO SALES and*
*FRIENDLY AUTO PLEX*